UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; ALESSI & KOENIG, LLC; 3711 LODINA CT TRUST; TEAL PETALS ST. TRUST; SATICOY BAY, LLC SERIES 3711 LODINA CT TRUST,<br><br>Defendants. | Case No. 2:16-cv-00404-MMD-NJK<br><br>AMENDED ORDER[1] |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are (1) Defendants 3711 Lodina Ct Trust; Teal Petals St. Trust; and Saticoy Bay LLC Series 3711 Lodina Ct Trust's (collectively, "Saticoy Bay") motion for summary judgment (ECF No. 73), to which Defendant Southern Highlands Community Association ("HOA") filed a joinder (ECF No. 80), and (2) Plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment (ECF No. 74). The Court has reviewed the parties' responses (ECF Nos. 78, 79, 84) and replies (ECF Nos. 82, 83, 88). For the following reasons, the Court grants Saticoy Bay's motion and denies BANA's motion as moot.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

---

[1]The Court amends its prior order to correct two clerical errors where the Court referred to Saticoy Bay as SFR.

Myreon Davis and Daniela Uribe ("Borrowers") purchased real property ("Property") located within the HOA at 3711 Lodina Court, Las Vegas, NV 89141 in April or May 2010. (ECF No. 74 at 3; ECF No. 74-1 at 2-15.) The Borrowers financed their purchased with a loan in the amount of $132,554 ("Loan") evidence by a note ("Note") and secured by a first deed of trust ("DOT") recorded May 25, 2010. (ECF No. 74 at 3.)

The DOT was assigned to BANA via assignment recorded against the Property on March 21, 2012. (ECF No. 74 at 3; ECF No. 74-1 at 34-35.)

The HOA, through its agent Alessi & Koenig, LLC ("Alessi"), recorded the following notices against the Property: (1) notice of delinquent assessment lien on February 25, 2011; (2) notice of default and election to sell on May 20, 2011; and (3) notice of foreclosure sale on November 18, 2011. (ECF No. 74 at 4; ECF No. 74-1 at 37, 39, 41.)

BANA's counsel sent Alessi a letter dated February 10, 2012, asking Alessi to identify the superpriority amount and offering to pay the superpriority amount. (ECF No. 74 at 4; ECF No. 74-1 at 44 (explaining incorrect date on letter), 47-48 (letter).) BANA did not receive a response. (ECF No. 74 at 4; ECF No. 74-1 at 45.)

The HOA foreclosed on the Property on June 19, 2012 ("HOA Sale"), and 3711 Lodina Court Trust ("Lodina") purchased the Property for $5,100. (ECF No. 74 at 4; ECF No. 74-3 at 2.) Lodina deed the Property to Teal Petals St. Trust ("Teal Trust") on July 27, 2012, and Lodina also transferred its interest in the Property to Saticoy Bay LLC Series 3711 Lodina Ct Trust on September 30, 2013 ("Saticoy Bay LLC Series").[2] (ECF No. 73 at 2; ECF No. 73-3 at 2; ECF No. 73-4 at 2.)

BANA filed the Complaint on February 26, 2016, asserting the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and Alessi; (3) wrongful foreclosure against the HOA and Alessi;[3] and

---

[2] It is unclear from the record why Lodina transferred its interest in the Property twice, but it is irrelevant for the purposes of this order.

[3] The Court permitted the parties to seek appropriate relief against Alessi due to its non-participation in this case after the most recent stay was lifted. (ECF No. 61.) The *(fn. cont…)*

2

(4) injunctive relief against Teal Trust and Saticoy Bay LLC Series. (ECF No. 1 at 7-14.) Saticoy Bay asserted two counterclaims: (1) quiet title and (2) declaratory relief. (ECF No. 11 at 5-6.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the

///

---

parties have not sought any relief against Alessi. Nevertheless, because the Court grants summary judgment in favor of Saticoy Bay and the HOA, the Court *sua sponte* grants summary judgment in favor of Alessi on BANA's claims against Alessi for the same reason. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party.").

moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, et al., The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

Saticoy Bay argues that it is entitled to summary judgment because the HOA Sale extinguished BANA's DOT. (ECF No. 73 at 6.) BANA argues, among other things, that Saticoy Bay is not entitled to summary judgment because (1) BANA's tender of the superpriority amount preserved the DOT; (2) NRS § 116.3116 is unconstitutional; (3) equitable relief is warranted; and (4) NRS Ch. 116 is preempted by the Supremacy Clause of the U.S. Constitution. (ECF No. 78 at 2.) The Court finds BANA's arguments unpersuasive and agrees with Saticoy Bay that the HOA Sale extinguished BANA's DOT. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 413 (2014) ("*SFR I*") (holding that

///

///

///

foreclosure sale on the superpriority portion of an HOA lien extinguishes all prior security interests). The Court addresses BANA's arguments below.[4]

### A. Tender

BANA argues that it preserved the DOT by tendering the superpriority amount. (ECF No. 74 at 6-12; *see also* ECF No. 78 at 3 (incorporating BANA's summary judgment arguments into its response to Saticoy Bay's motion for summary judgment).) Saticoy Bay argues that there was no tender because BANA never actually paid any money. (ECF No. 73 at 19-20.)

The Court agrees with Saticoy Bay. An offer to pay the superpriority amount—without a corresponding rejection of the offer by the HOA—is insufficient to discharge the superpriority lien. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *1 (Mar. 7, 2019). BANA does not assert that Alessi rejected BANA's offer. Rather, BANA asserts that Alessi simply did not respond. (ECF No. 74 at 7.)

BANA argues that an offer to pay coupled with the present ability to pay is sufficient tender (*id.* at 8), but the Nevada Supreme Court implicitly rejected this argument in *Thomas Jessup*, where the court cited numerous cases that required more than an offer to pay coupled with the present ability to pay to satisfy the obligation for which tender is made. 2019 WL 1087513, at *1.

BANA also argues that it was "excused from submitting an actual payment because Alessi deliberately kept BANA from learning [the superpriority] amount" (ECF No. 74 at 11), but the record does not support BANA's contention. BANA has shown that Alessi failed to respond to a letter offering to pay the superpriority amount—not that Alessi deliberately obstructed repeated attempts by BANA to discover the superpriority amount. (*See id.* at 4.)

///

///

---

[4]BANA's arguments regarding the unclean hands doctrine (ECF No. 78 at 6) and Saticoy Bay's status as a bona fide purchaser (*id.* at 6-7) are moot because the HOA Sale extinguished the DOT.

Accordingly, the Court rejects BANA's argument that it tendered the superpriority amount.

**B.     Constitutionality of NRS § 116.3116**

BANA argues that NRS § 116.3116 is unconstitutional facially and as applied because the pre-2015 version of NRS § 116.3116 did not require constitutionally adequate notice. (ECF No. 74 at 12-18.) Saticoy Bay argues that NRS § 116.3116 is constitutional as a result of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (2018) ("*SFR II*"). (ECF No. 84 at 8-9.) The Court rejects BANA's arguments based on the reasoning set forth in *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at *2-4 (D. Nev. Jan. 23, 2019).

**C.     Equitable Relief**

BANA further argues that equitable relief is warranted. (ECF No. 74 at 18-21.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, BANA has not demonstrated fraud, unfairness or oppression. BANA argues that the HOA Sale was unfair for three reasons: (1) BANA attempted to tender the superpriority amount; (2) the HOA represented in the covenants, conditions, and restrictions ("CC&Rs") that the foreclosure sale would not extinguish the DOT; and (3) the HOA failed to provide BANA with adequate notice of the means to cure. (ECF No. 74 at 19-21.) Saticoy Bay contends that none of these demonstrate fraud, oppression, or unfairness. (ECF No. 84 at 6-7.)

6

The Court agrees with Saticoy Bay. First, BANA's solitary attempt to tender does not show that the HOA Sale was unfair. BANA could have followed up with the HOA or estimated and tendered the superpriority amount. While BANA contends that Alessi "obstructed" the tender, the record only shows that Alessi failed to respond to BANA's offer letter. (*See* ECF No. 74 at 4.) Second, a mortgage protection clause alone is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale. *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018). Finally, at the time of the HOA Sale, NRS § 116.3116 did not even require that the notices sent to BANA specifically state that the HOA sought to foreclose on the superpriority portion of its lien, much less provide instructions for how to cure.[5] *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n.1, 2017 WL 6542454, at *1 n.1 (Nev. 2017); *see also Bank of N.Y. Mellon*, 2019 WL 302489, at *4 ("[N]otice need not be an exhaustive guidebook to preserving one's interest"). Thus, the Court declines to exercise its equitable powers to set aside the HOA Sale.

### D. Supremacy Clause

BANA argues that the Supremacy Clause of the Federal Constitution prevents extinguishment of the DOT because the DOT is federally insured. (*See* ECF No. 74 at 21-27.) The Court disagrees. *See PHH Mortg. Corp. v. Saticoy Bay LLC*, No. 2:16-cv-02795-MMD-NJK, 2018 WL 357847, at *1 (D. Nev. Jan. 10, 2018) (rejecting property clause argument in case about mortgage that was FHA-insured at the time of the applicable homeowner's association foreclosure sale); *Las Vegas Dev. Group, LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1052-53 (D. Nev. 2016) (same); *see also Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904, 909 (Nev. 2017) (rejecting supremacy clause challenge to nonjudicial foreclosure sale conducted under the Statute that extinguished FHA-insured DOT).

///

---

[5]The Nevada Supreme Court recently found that NRS § 116.31168 incorporates the mandatory notice provisions of NRS § 107.090, which requires notice of the time and place of the sale. *SFR II*, 422 P.3d at 1253.

| | |
|---|---|
| 1 | **V. CONCLUSION** |
| 2 | The Court notes that the parties made several arguments and cited to several cases |
| 3 | not discussed above. The Court has reviewed these arguments and cases and determines |
| 4 | that they do not warrant discussion as they do not affect the outcome of the motions before |
| 5 | the Court. |
| 6 | /// |
| 7 | It is therefore ordered that Defendant Saticoy Bay's motion for summary judgment |
| 8 | (ECF No. 73) is granted. The Court grants summary judgment in favor of Saticoy Bay on |
| 9 | its counterclaims and declares that the HOA Sale extinguished BANA's DOT, and that |
| 10 | Saticoy Boy took title to the Property free and clear of BANA's DOT. |
| 11 | It is further ordered that the HOA's joinder (ECF No. 80) is granted. |
| 12 | It is further ordered that Plaintiff BANA's motion for summary judgment (ECF No. |
| 13 | 74) is denied. |
| 14 | The Clerk of the Court is instructed to enter judgment in favor of Saticoy Bay on its |
| 15 | counterclaims and on Plaintiff's claims, and in favor of the HOA and Alessi on Plaintiff's |
| 16 | claims. The Clerk is further instructed to close this case. |
| 17 | DATED THIS 18th day of March 2019. |

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE